

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-19-2009

# USA v. Leo Lloyd

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3489

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Leo Lloyd" (2009). *2009 Decisions*. Paper 1720.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1720

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3489
_____

UNITED STATES OF AMERICA

v.

LEO LLOYD,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 07-cr-195)
District Judge:  Honorable Louis H. Pollak

_____

Submitted for a Certificate of Appealability or Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 27, 2009
Before:   SCIRICA, Chief Judge WEIS and GARTH, Circuit Judges

(Opinion filed March 19, 2009)
_____

OPINION
_____

PER CURIAM.

        In September 2007, the appellant, Leo Lloyd, pleaded guilty to one count of

possession of a firearm by a convicted felon.  See 18 U.S.C. § 922(g)(1), (b)(1)(B).  The

1

District Court sentenced Lloyd to a term of 110 months' imprisonment followed by three years of supervised release.

Soon thereafter, Lloyd, proceeding pro se, filed a motion identified as a "motion pursuant to Federal Rule of Criminal Procedure 32(e)(2)." (Dist. Ct. Dkt. # 32.) In his motion, Lloyd challenged the constitutionality of his detention on various grounds, including that he had received ineffective assistance of counsel. The District Court determined that the motion should have been filed as a motion pursuant to 28 U.S.C. § 2255, and, pursuant to United States v. Miller, 197 F.3d 644 (3d Cir. 1999), directed Lloyd to inform the court whether "he consent[ed] to reclassification of his . . . motion as a petition pursuant to 28 U.S.C. § 2255, or whether he wishe[d] to resubmit his petition, including the same or additional claims, on the standard § 2255 form." (Dist. Ct. Order, May 5, 2008, Dkt. # 33.) In response, Lloyd submitted a § 2255 motion on the standard form. (Dist. Ct. Dkt. # 35.) Because he chose to resubmit his petition, the District Court then entered an order dismissing as moot Lloyd's previously filed "motion pursuant to Federal Rule of Criminal Procedure 32(e)(2)." (Dist. Ct. Dkt. # 37.) Lloyd now appeals from that order.[1]

In his notice of appeal, Lloyd states that he seeks review of the District Court's order "denying the relief requested (Sentence Modification) pursuant to 28 U.S.C. § 2255." (Dist. Ct. Dkt. # 38.) Thus, it appears that Lloyd believes that he has been

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

2

denied habeas relief. As noted above, however, the order from which Lloyd appeals simply dismissed his initial filing as moot in light of the properly filed § 2255 motion that followed; Lloyd's § 2255 is still pending in the District Court. As such, we see no error in the District Court's order.

Because this appeal does not present a substantial question, we will summarily affirm the District Court's order.[2]  See Third Cir. LAR 27.4 and I.O.P. 10.6.

---

[2]  A certificate of appealability is not necessary for the purpose of this appeal.  See 28 U.S.C. § 2253(a).